United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

Plaintiff,

v.

SCOTT KERNAN; RON DAVIS; CYTHIA Y. TAMPKINS,

Defendants.
_________________________________/

No. C 18-5136 WHA (PR)

**ORDER OF DISMISSAL**

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights case under 42 U.S.C. 1983 alleging that defendants violated his rights to equal protection and due process by denying his request for an early parole consideration hearing under California Proposition 57, which allows early hearings for certain offenders. He is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is **DISMISSED** for failure to state a cognizable claim for relief.

**ANALYSIS**

**A. STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro

United States District Court
For the Northern District of California

se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint “does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B. LEGAL CLAIMS**

In 2007, plaintiff was convicted by a jury in Los Angeles County Superior Court of battery with serious bodily injury, assault with force likely to produce great bodily injury, and mayhem. On September 24, 2007, the court sentenced plaintiff to 22 years in state prison.

Plaintiff asserts his eligibility to be considered for early parole as a non-violent offender pursuant to Proposition 57. He claims that “non-violent offenders” like himself are eligible for early parole consideration under Proposition 57, but that defendants, who are officials of the California Department of Corrections and Rehabilitation (“CDCR”), continues to exclude them.

California’s Proposition 57, approved by voters in November 2016, makes parole more

United States District Court
For the Northern District of California

available for certain felons convicted of nonviolent crimes. Specifically, Proposition 57 added Article I, section 32 to the California Constitution. That section provides, in relevant part, "Parole consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term of his or her primary offense," defined for these purposes as "the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." Cal. Const., art. I, § 32(a)(1).

Plaintiff is not a "nonviolent" offender. He was convicted of battery, assault, and mayhem. As such, he is not entitled to an early parole hearing under the plain language of California Proposition 57, which only gives early parole hearings to "nonviolent" offenders.. Therefore, even if there were a federal constitutional right — be it under due process or equal protection — to an early parole hearing under Proposition 57, such a right would only extend to those eligible to such hearings under the terms of that statute. Plaintiff's allegations plainly establish that he is not eligible to such a hearing due to the violent nature of his offenses, and that the denial of such a hearing did not violate his federal constitutional rights. Consequently, this case will be dismissed for failure to state a cognizable claim for relief under Section 1983.

**CONCLUSION**

For the reasons set out above, this case is **DISMISSED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November 13, 2018.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE